IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM M. OLD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 6:20-CV-03193-DGK |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**ORDER AFFIRMING THE COMMISSIONER'S DECISION**

This action seeks judicial review of the Commissioner of Social Security's ("the Commissioner") decision denying Plaintiff William Old's application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. 42 U.S.C. § 401–434. The Administrative Law Judge ("ALJ") found Plaintiff had severe impairments of left facial paralysis status-post left facial and cochlear nerve tumor removal, left ear hearing loss status-post left side trans-cochlear with tympanomastoidectomy, history of lagophthalmos, depression, and anxiety. The ALJ also found that Plaintiff retained the residual functional capacity ("RFC") to perform jobs which exist in significant numbers in the national economy.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

**Procedural and Factual Background**

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed his application for supplemental security income on January 23, 2018, alleging a disability-onset date of November 11, 2017. The Commissioner denied the application at the initial claim level, and Plaintiff appealed the denial to an ALJ. The ALJ held a hearing on May 29, 2019, and on June 25, 2019, issued a decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on April 27, 2020, leaving the ALJ's decision as the Commissioner's final decision. As Plaintiff has exhausted all administrative remedies, judicial review is now appropriate under 42 U.S.C. § 405(g).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole and whether the ALJ committed any legal errors. *Igo v. Colvin,* 839 F.3d 724, 728 (8th Cir. 2016). Substantial evidence is less than a preponderance but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close"). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue,* 646 F.3d 549, 556 (8th Cir. 2011).

**Discussion**

The Commissioner follows a five-step evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A). Plaintiff argues the ALJ erred at step four by crafting an RFC unsupported by substantial evidence.

RFC is defined as the most a claimant can still do despite her physical or mental limitations. *See* 20 C.F.R. § 404.1545(a)(1). "It is the ALJ's responsibility to determine a claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own descriptions of his limitations." *Tellez v. Barnhart*, 403 F.3d 953, 957 (8th Cir. 2005). Although an ALJ must rely upon "some medical evidence" to formulate a claimant's RFC, the phrase "some medical evidence" is not limited to a medical opinion. *See Anderson v. Shalala*, 51 F.3d 777, 779–80 (8th Cir. 1995); *see also Fields v. Astrue*, No. 2:11-CV-35-FRB, 2012 WL 6705863, at *13 (E.D. Mo. Dec. 26, 2012). The Eighth Circuit has held that an ALJ's RFC assessment was supported by substantial evidence even when there was no supporting medical opinion. *See Stallings v. Colvin*, No. 6:14-CV-03273-MDH, 2015 WL 1781407, at *3 (W.D. Mo. Apr. 20, 2015) ("Eighth Circuit case law reveals that an ALJ can appropriately determine a claimant's RFC without a specific medical opinion so long as there is

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g). Through step four of the analysis the claimant bears the burden of showing she is disabled. After the analysis reaches step five, the burden shifts to the Commissioner to show that there are other jobs in the economy the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

3

sufficient medical evidence in the record."). The burden of persuasion to prove disability and demonstrate RFC remains on the claimant. *See Buford v. Colvin*, 824 F.3d 793, 796 (8th Cir. 2016); *Mabry v. Colvin*, 815 F.3d 386, 390 (8th Cir. 2016).

In determining Plaintiff's RFC, the ALJ determined that the intensity, persistence, and limiting effects of Plaintiff's symptoms are not consistent with the medical and other evidence in the record. R. at 17. Ultimately, the ALJ determined that Plaintiff retained the RFC

> to perform medium work as defined in 20 CFR 404.1567(c) except the claimant can frequently climb ramps and stairs, but never climb ladders, ropes, or scaffolds; frequently balance, stoop, kneel, crouch, and crawl; is not able to perform work requiring near and far acuity or peripheral vision in the left eye, but would be able to perform jobs that can be performed with monocular vision; must be able to perform work requiring hearing in one ear only; must avoid all but occasional exposure to respiratory irritants such as fumes, odors, dust, gases, and poor ventilation, and all exposure to hazards such as dangerous machinery and unprotected heights. [Plaintiff] is able to understand, remember and carry out simple to moderately complex instructions consistent with routine, repetitive unskilled and semiskilled work that can be learned in six months or less. [Plaintiff] can perform simple decision-making related to basic work functions. [Plaintiff] can tolerate minor, infrequent changes within the workplace. [Plaintiff] would likely be off task 5 percent of the workday.

R. at 16.

Plaintiff argues that the ALJ's RFC determination as to Plaintiff's mental residual functional capacity is not supported by substantial evidence. Plaintiff points to reports that, in some examinations, Plaintiff presented with depressed mood, anxious mood, inappropriate mood and effect, worrisome effect, tangential speech and thought process, poor attention and concentration, impaired judgment and insight, and Plaintiff's report to Eric Thomason, NP, of insomnia, racing thoughts, energy fluctuations, lack of stamina, and his uncertainty that his medications were helpful. Pl. Br. at 10–15, ECF No. 12. Plaintiff also points to his daily activities, specifically that he reports difficulty cooking despite his previous career as a chef, and the fact that

he often lays in bed for days at a time. Pl. Br. at 15–16. Plaintiff merely points to evidence which might support an alternative outcome. However, because substantial evidence on the record as a whole supports the ALJ's mental RFC calculation, Plaintiff's argument is unavailing. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011) ("An ALJ's decision is not outside the zone of choice simply because we might have reached a different conclusion had we been the initial finder of fact.")

Substantial evidence on the record as a whole supports the ALJ's mental RFC determination. Plaintiff's mental status examinations with Dr. Joseph Pulleyking, PsyD, showed merely mild to moderate depressed or anxious mood and worrisome effect. R. at 488–502. Likewise, on December 12, 2018, Mr. Thomason noted that Plaintiff had less pressured and less tangential speech and that Plaintiff was "much more stable" as a result of taking antipsychotic medication. R. at 1278. *See Davidson v. Astrue*, 578 F.3d 838, 846 (8th Cir. 2009) ("Impairments that are controllable or amenable to treatment do not support a finding of disability."). Mr. Thomason also noted on May 6, 2019, that Plaintiff made good eye contact, had no suicidal or homicidal ideation, a thought process within normal limits, focused attention, fair concentration, appropriate effect, and depressed mood. R. at 1386. In addition, Mr. Thomason noted that Plaintiff had no history of psychosis, no recent manic or hypomanic episodes, and no history of panic attacks or agoraphobia. *Id.*

Plaintiff's self-reports also indicate that his depression, anxiety, and lack of concentration are amenable to treatment. For example, Plaintiff reported in January 2019 that he'd had no manic symptoms over the previous month, rated his depression as a 2 out of 10, his anxiety at only a 6 out of 10, and that he had good energy and appetite. R. at 1363. In addition, Plaintiff noted that

his Propranolol medication was effective, and that he had no homicidal or suicidal ideation. *Id.*; *see also* R. at 308, 424, 496, 1045.

Plaintiff's reports of his daily activities are also inconsistent with his allegations as to the extent of his depression, anxiety, and lack of concentration. Plaintiff is able to dress himself and attend to his personal hygiene, do laundry, drive, go grocery shopping, prepare meals, use a computer, and go to the mall. R. at 53–54, 214–16.

Plaintiff next argues that, in discussing his mental RFC, the ALJ failed to comply with SSR 16-3p, which states that an ALJ's RFC determination "must contain specific reasons for the weight given to the individual's [description of his mental impairments], be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's [description of his mental impairments]." SSR 16-3P, 2016 WL 1119029 at *9 (Mar. 16, 2016). Because the ALJ relied on the above evidence to conclude that Plaintiff's description of his mental impairments is not supported by the record, *see* R. at 16–24, the ALJ complied with SSR 16-3p.

Finally, Plaintiff argues that the ALJ erred in concluding that Dr. Pulleyking's and Mr. Thomason's opinions were not persuasive. Dr. Pulleyking opined that Plaintiff would be off task 25 percent of the workday and would miss four days of work per month. R. at 1422. Nurse Thomason opined that Plaintiff would be off 20 percent of the workday and would miss four days of work per month. R. at 454. Plaintiff again points to alternative evidence to argue that the ALJ's decision to discount these opinions is not supported. Pl. Br. at 12–15. However, as shown above, substantial evidence on the record as a whole is inconsistent with Dr. Pulleyking's and Mr. Thomason's opinions. Further, the ALJ also considered the fact that both Dr. Pulleyking's and Nurse Thomason's opinions were presented in a check box format and did not include any

explanation of their conclusions. *See* 20 C.F.R. § 404.1520c(c) ("The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinions . . . will be."). For the reasons stated above, the ALJ's conclusion is supported by substantial evidence on the record as a whole.

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:  September 30, 2021                         /s/ Greg Kays
                                                  GREG KAYS, JUDGE
                                                  UNITED STATES DISTRICT COURT